BEFORE THE
UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HISTEEL CO., LTD.<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　　　Defendant. | Court No. 22-00142 |

COMPLAINT

Plaintiff HiSteel Co., Ltd. ("HiSteel" or "Plaintiff") files this complaint to contest the final determination by the U.S. Department of Commerce ("Commerce") in the administrative review of the antidumping order on *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from the Republic of Korea* (hereinafter "*HWR from Korea*") for the September 1, 2019, to August 31, 2020, review period.

JURISDICTION

1.  This action arises out of an antidumping duty administrative review conducted by Commerce pursuant to Section 751 of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. § 1675.  Commerce published notice of the final results of the review in the *Federal Register* on April 7, 2022.  *See Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2019–2020,* 87 Fed. Reg. 20390 (April 7, 2022) (hereinafter referred to as the "*Final Results*").

2.  This action is commenced pursuant to Sections 516A(a)(2)(A) and (B)(iii) of the Tariff Act of 1930, as amended (the "Act"), 19 U.S.C. §§ 1516a(a)(2)(A) and (B)(iii).

Consequently, this Court has jurisdiction over this matter by reason of 28 U.S.C. § 1581(c), which confers upon the Court exclusive jurisdiction over civil actions commenced under Section 516A of the Act.

PLAINTIFF'S STANDING TO COMMENCE THIS ACTION

3.   Plaintiff is a producer and exporter of heavy-walled rectangular welded carbon steel pipes and tubes from Korea, the subject merchandise at issue in this appeal. Plaintiff participated as a respondent in the administrative review of the antidumping order that is the subject of this appeal. Accordingly, Plaintiff is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended 19 U.S.C. § 1677(9)(A), and has standing to commence this action pursuant to Section 516A(d) of the Act (19 U.S.C. § 1516a(d)) and 28 U.S.C. § 2631(c).

TIMELINESS OF THIS ACTION

4.   On April 7, 2022, the *Final Results* were published in the Federal Register. *See Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2019–2020,* 87 Fed. Reg. 20390 (April 7, 2022). Plaintiff filed a summons commencing this action on May 9, 2022, and is filing this Complaint within 30 days thereafter. Consequently, this complaint is timely filed in accordance with the requirements of Section 516A(a)(5) of the Act, 19 U.S.C. § 1516a(a)(2), which permits parties to challenge the final results of administrative reviews of antidumping orders by filing a summons within 30 days after publication of the final results, and a complaint within 30 days thereafter.

STATEMENT OF CLAIMS

5. In this appeal, Plaintiff challenges Commerce's final determination in the administrative review of the antidumping order on *HWR from Korea* for the September 1, 2019, to August 31, 2020, review period.

6. Commerce's final determination in the administrative review of the antidumping order on *HWR from Korea* for the September 1, 2019, to August 31, 2020, review period was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law for the following reasons, among others:

> (1) Commerce's decision to use an "average-to-transaction" rather than an "average-to-average" comparison of sales to calculate HiSteel's dumping margin, based on the application of its so-called "differential pricing analysis," was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law, and inconsistent with recent decisions by the Court of Appeals for the Federal Circuit because, *inter alia*, Commerce's decision was based on an analysis that: (i) improperly relied on an allegedly "widely adopted" statistical test without establishing that the conditions needed to make the test applicable or meaningful in this review existed, (ii) adopted arbitrary cut-offs for determining whether a pattern of differential pricing existed and failed to support its conclusion that the numerical cut-offs used to determine the existence of substantial differences in pricing were relevant or meaningful in this proceeding; and (iii) failed to establish that the statutory requirements necessary to justify a departure from the normal average-to-

average comparison methodology called for in the statute to determine HiSteel's antidumping margin were met.

(2) Commerce's application of the "transactions disregarded rule" to slitting services obtained by HiSteel from an affiliated company was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law, because record evidence demonstrates that the amounts HiSteel was charged for the services "fairly reflect the amount usually reflected in sales of merchandise under consideration in the market under consideration."

(3) Commerce's conclusion that HiSteel's sale of scrap to an affiliated customer did not reflect an arm's-length price and subsequent adjustment to HiSteel's reported scrap offset was arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law, because, *inter alia*, (i) record evidence demonstrates that the price paid by the affiliate was the same as the price paid by an unaffiliated purchaser in a contemporaneous sale of the same type of scrap, and (ii) Commerce improperly compared the weighted-average unit price of scrap skelp and scrap pipe sold to unaffiliated customers to the weighted-average unit price of scrap pipe sold to the affiliated customer.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff respectfully requests this Court to:

(1) Declare Commerce's *Final Results* to be arbitrary and capricious, unsupported by substantial evidence, and otherwise not in accordance with law; and

(2)  Remand this matter to Commerce for disposition in a manner consistent with the judgment of this Court; and

(3)  Provide such other relief as this Court deems appropriate.

                                              Respectfully submitted,

                                              /s/Jeffrey M. Winton
                                              Jeffrey M. Winton
                                              Michael Chapman
                                              Amrietha Nellan
                                              Vi N. Mai
                                              Jooyoun Jeong

                                              WINTON & CHAPMAN, PLLC
                                              1900 L. St., N.W., Suite 611
                                              Washington, DC  20036
                                              Telephone: (202) 774-5503
                                              Email: jwinton@jmwinton.com

                                              Attorney for Plaintiff HiSteel Co., Ltd.

Dated:  June 8, 2022