IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| HISTEEL CO., LTD, | ) |
| Plaintiff, | ) |
| v. | ) Court No. 22-00142 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| NUCOR TUBULAR PRODUCTS INC., | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**DONG-A-STEEL CO., LTD CORPORATION'S MOTION TO INTERVENE**

Defendant, the United States, respectfully submits this opposition to the motion of Dong-A-Steel Co., Ltd. (DOSCO) to intervene as a matter of right in the present action. DOSCO Motion to Intervene (DOSCO Mtn.), ECF. No. 26. As explained below, DOSCO's motion should be denied because it fails to establish Article III standing and fails to meet the requirements of intervention as of right. USCIT Rule 24(a)(1).

**BACKGROUND**

On April 7, 2022, the Department of Commerce (Commerce) published its final results of the administrative review of the antidumping duty order covering heavy walled rectangular welded carbon steel pipes and tubes from the Republic of Korea. *Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From the Republic of Korea*, 87 Fed. Reg. 20,390 (Dep't of Commerce Apr. 7, 2022) (Final Results). Commerce selected DOSCO and HiSteel Co., Ltd.

(HiSteel) as mandatory respondents and calculated individual weighted-average dumping margins of 1.64 percent and 10.24 percent, respectively. In its final results, Commerce explained that it would issue assessment instructions to U.S. Customs and Border Protection (CBP) no earlier than 35 days after the date of publication of the final results of the review in the Federal Register. Final Results, 87 Fed. Reg. at 20,391. Commerce further explained that if a timely summons is filed at this Court, the assessment instructions will direct CBP not to liquidate relevant entries until the time for parties to file a request for a statutory injunction has expired. *Id.*

HiSteel timely filed its summons on May 9, 2022, and its complaint on June 8, 2022. *See* Summons, ECF No. 1; Compl., ECF No. 18. HiSteel challenges Commerce's determination of its individual weighted-average dumping margin of 10.24 percent. *See* Compl. Specifically, HiSteel challenges Commerce's application of its differential pricing methodology, its transactions disregarded methodology, and treatment of certain scrap sales.

Because DOSCO did not file a summons, Commerce issued assessment instructions, which instructed CBP to liquidate DOSCO's entries in this administrative review, consistent with the final results. On July 7, 2022, DOSCO moved to intervene as of right in this action, *see* DOSCO Mtn., after the deadline for seeking judicial review of Commerce's determination had passed.[1] *See* USCIT Rule 3(a)(2) (requiring a summons to be filed within 30 days of final results). As we explain below, DOSCO does not challenge Commerce's determination regarding DOSCO's individual weighted-average dumping margin, but wishes to "litigate the issues raised by {HiSteel} in its complaint regarding Commerce's improper application of its so-called

---

[1] Although it is not relevant to the Court's analysis as to whether intervention as of right is appropriate, which we believe it is not, we note that HiSteel's counsel also represents DOSCO.

2

"differential pricing analysis" to determine whether to apply an alternative comparison methodology to respondents' sales data."

## ARGUMENT

DOSCO's motion to intervene should be denied because it fails to establish Article III standing and fails to meet the requirements for intervention.

First, as a threshold matter, Article III requires that a proposed intervenor demonstrate "either its independent constitutional standing or its 'piggyback standing,' *i.e.*, standing based on seeking the same relief sought by an existing party to the case." *N. Am. Interpipe, Inc., et al. v. United States*, 519 F. Supp. 3d 1313, 1319 (Ct. Int'l Trade 2021); *see also Prime Source Bldg. Prods., Inc. v. United States*, 494 F. Supp. 3d 1307, 1335 (Ct. Int'l Trade 2021); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (explaining that an "injury in fact" is "actual or imminent, not conjectural or hypothetical" and "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision").

DOSCO cannot meet this standard. Rather, DOSCO simply states that it has standing pursuant to 19 U.S.C. § 1516a(d). DOSCO Mot. ¶ 2. DOSCO fails to even address, let alone establish, its standing as required by Article III, as it must. Indeed, DOSCO cannot assert that it will suffer injury if Commerce's determination regarding HiSteel's calculated dumping margin—the only margin at issue in this action—is not reversed because DOSCO received its *own* individual dumping margin and assessment rates for its exports, which would be unaffected by any decision here. *See* Final Results, 87 Fed. Reg. at 20,391. The application of the differential pricing analysis and the determination whether to use the average-to-transaction method to calculate the dumping margin for HiSteel has no bearing on DOSCO's margin. Likewise, the application of the differential pricing analysis and the determination whether to use the average-to-transaction method to calculate the dumping margin for DOSCO has no bearing

3

on HiSteel's margin.

In addition to Article III standing, DOSCO also fails to meet the requirements of intervention as of right. USCIT Rule 24(a)(1). The statute provides that

> any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that -- . . . (B) in a civil action under {19 U.S.C. § 1516a}, only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right.

28 U.S.C. § 2631(j)(1)(B). Although a person may have been an interested party in a Commerce proceeding, in order to intervene as a matter of right in this Court, there is a further requirement that a person "would be *adversely affected or aggrieved* by a decision in a civil action pending in the Court of International Trade." *Id.* (emphasis added); *see also USEC Inc. v. United States*, 259 F. Supp. 2d 1310, 1329-31 (Ct. Int'l Trade 2003).

Here, although DOSCO was an interested party and a party to the proceeding, DOSCO plainly fails to meet the "adversely affected or aggrieved" requirement of the statute. *See id.* According to DOSCO, it "has an interest in certain issues that Plaintiff intends to address and may be adversely affected in *future proceedings* by a ruling against Plaintiff." DOSCO Mot. ¶ 4 (emphasis added). DOSCO asserts that it "plans to litigate the issue raised by Plaintiff in its complaint regarding Commerce's improper application of its so-called 'differential pricing analysis' to determine whether to apply an alternative comparison methodology to respondents' sales data." *Id*. However, as we explained above, DOSCO received its own individual dumping margin and assessment rates and DOSCO chose not to challenge that rate. In other words, although DOSCO could have filed a summons to challenge its own rate in this administrative review, it failed to do so. As such, the deadline for DOSCO to seek judicial review for its rate has passed. Thus, this litigation exclusively relates to the calculation of HiSteel's weighted-

average dumping margin which has *no effect* on DOSCO's dumping margin, nor can it.  Unlike actions where non-selected companies whose dumping margins and assessment rates could be affected if HiSteel's weighted-average margin changes as a result of this litigation, DOSCO's dumping margin and assessment rates cannot change.

Perhaps most importantly, DOSCO's vague and speculative assertion that it *may* be adversely affected, not in this proceeding, but *in future proceedings* makes intervention wholly inappropriate now because it invites a purely advisory opinion.  DOSCO will have the ability to challenge Commerce's determinations if it is adversely affected in future proceedings.  *See* 19 U.S.C. § 1516a(a)(2)(A) and (B).  By claiming intervention as of right, the requirements of which DOSCO does not meet, DOSCO should not be allowed to inject itself as an active participant in this litigation that has no effect on DOSCO's dumping margin or assessment rate.  Thus, DOSCO fails to establish that it could be adversely affected or aggrieved by the Court's decision in this litigation.

## CONCLUSION

For these reasons, we respectfully request that the Court deny DOSCO's motion to intervene in this action.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/Claudia Burke
CLAUDIA BURKE
Assistant Director

OF COUNSEL:                          s/Kara M. Westercamp
VANIA WANG                           KARA M. WESTERCAMP

5

| | |
|---|---|
| Attorney<br>Department of Commerce<br>Office of the Chief Counsel<br>  for Trade Enforcement & Compliance | Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Tel: (202) 305-7571 |
| July 28, 2022 | Attorneys for Defendant |

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| HISTEEL CO., LTD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 22-00142 |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| NUCOR TUBULAR PRODUCTS INC., ) | |
| ) | |
| Defendant-Intervenor. ) | |

### **ORDER**

Upon consideration of the motion to intervene filed by Dong-A Steel Co. Ltd., defendant's opposition, and all other pertinent papers, it is hereby

ORDERED that the motion to intervene is denied.

_____

Hon. Gary S. Katzmann, Judge

Dated: _____, 2022