UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| HISTEEL CO., LTD., <br>             Plaintiff, <br> v. <br> UNITED STATES, <br>             Defendant, <br> and <br> NUCOR TUBULAR PRODUCTS INC., <br>             Defendant-Intervenor. | Court No. 22-00142 |

ORDER

Upon consideration of the July 7, 2022, motion of Dong-A-Steel Co., Ltd. ("DOSCO") to intervene as a matter of right as Plaintiff-Intervenor in the above-designated matter; Defendant's July 28, 2022, Comments in Opposition to DOSCO's Motion; DOSCO's August 11, 2022, Reply, and all other pertinent papers, it is hereby

ORDERED that DOSCO's motion to intervene is granted.

Signed: _____
                              Judge

Dated: _____
      New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| HISTEEL CO., LTD.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　　　　　　Defendant,<br><br>　　and<br><br>NUCOR TUBULAR PRODUCTS INC.,<br><br>　　　　　　　　　　Defendant-<br>　　　　　　　　　　Intervenor. | Court No. 22-00142 |

DOSCO'S REPLY TO DEFENDANT'S JULY 28, 2022,
COMMENTS IN OPPOSITION TO DOSCO'S MOTION TO INTERVENE

　　In its July 28, 2022, comments, Defendant has asked the Court to deny Dong-A-Steel Co., Ltd.'s ("DOSCO's") motion to intervene in this proceeding.[1] According to Defendant, DOSCO's request to participate as Plaintiff-Intervenor did not meet the requirements of Article III standing or Rule 24(a)(1) of this Court to permit intervention as of right.[2] However, Defendant is mistaken and has identified an incorrect standard for intervention in this proceeding.

　　A.　DOSCO Has Article III Standing to Intervene

　　In order for a party to intervene in an appeal, the party must demonstrate that it has Article III standing. To establish Article III standing for intervention, a party must

---

[1] *See* Defendant's July 28, 2022, Comments in Opposition to DOSCO's Motion to Intervene, ECF No. 36 (hereinafter "Defendant's Comments in Opposition").

[2] *See id.* at 1.

demonstrate *either* "independent constitutional standing or… 'piggyback standing'" in the proceeding.[3]  Defendant claims that DOSCO's motion failed to establish Article III standing to permit intervention in this proceeding.[4]  However, Defendant's analysis focused only on whether DOSCO demonstrated independent constitutional standing and failed to address the standard for 'piggyback' standing.[5]

To establish 'piggyback standing,' a party seeking to intervene must only seek "the same relief sought by an existing party to the case."[6]  In that regard, this Court has explained that as long as an intervenor plans to litigate the same issue raised by a party to the appeal, an intervenor will be found to seek the same relief as that party to the appeal.[7]

---

[3] *See, e.g.*, *N. Am. Interpipe, Inc. v. United States*, 519 F. Supp. 3d 1313, 1322 (Ct. Int'l Trade 2021).  *See also PrimeSource Bldg. Prod., Inc. v. United States*, 494 F. Supp. 3d 1307, 1320 (Ct. Int'l Trade 2021) (Judge Baker concurring) (explaining that "*Town of Chester*, as recently clarified by *Little Sisters of the Poor*, thus definitively resolved the persistent circuit split noted by the CIT in Canadian Wheat. Article III does not require a putative intervenor—whether as of right or permissive—to demonstrate independent constitutional standing, so long as it seeks the same relief as one of the parties to the case.").

[4] *See* Defendant's Comments in Opposition at 3.

[5] *See id*. at 3 (solely discussing whether DOSCO demonstrated it would suffer injury to establish independent constitutional standing).

[6] *See N. Am. Interpipe, Inc.*, 519 F. Supp. 3d at 1322.

[7] *See id*. ("{T}he Pipe Producers made clear that {t}he only relief that Proposed Defendant-Intervenors seek is for Plaintiff's {i.e., Evraz's} line pipe {exclusion} claims to be denied. As the government's since-filed answer also seeks rejection of those claims, the Pipe Producers have satisfied their Article III burden of establishing their piggyback standing") (internal quotation marks and citations omitted).  *See also PrimeSource Bldg. Prod., Inc.*, 494 F. Supp. 3d at 1320 (Judge Baker, concurring) (stating that in *Little Sisters of the Poor*, the Supreme Court explained that because both the Federal Government and the nuns asked the court to dissolve the injunction against the religious exemption, the nuns sought the same relief as the government and did not need independent constitutional standing).

DOSCO's motion sought intervention on the side of the Plaintiff, and explained that it intends to litigate the issue raised by Plaintiff regarding Commerce's improper application of the differential pricing analysis.[8] Since DOSCO plans to support Plaintiff's litigation of the differential pricing analysis issue, DOSCO has met the requirements for 'piggyback' standing and, therefore, has established Article III standing for intervention.

    B.    DOSCO Qualifies for Intervention as of Right under Rule 24(a)(1)

Rule 24(a)(1) of this Court explains that intervention as a matter of right exists when:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute….[9]

DOSCO has sought intervention as of right pursuant to 28 U.S.C. § 2631(j)(1)(B), which establishes the right to intervene as a matter of right to an interested party who was a party to the proceeding in connection with which the matter arose in a civil action under section 516A of the Tariff Act.[10]  Defendant asserts that DOSCO did not meet the requirements to intervene as of right under Rule 24(a)(1) of this Court, because Defendant claims that 28 U.S.C. § 2631(j)(1)(B) also requires parties to demonstrate they would be "adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade."[11]  Defendant is incorrect.

As this Court explained in *Vivitar Corp. v. United States*:

---

[8] *See* DOSCO's July 7, 2022, Motion to Intervene, ECF No. 26 at 2.  *See also* Plaintiff's June 8, 2022, Complaint, ECF No. 18 at 3-4.

[9] CIT Rule 24(a)(1).

[10] *See* DOSCO's July 7, 2022, Motion to Intervene, ECF No. 26 at 1-2.

[11] *See* Defendant's Comments in Opposition at 4.

> 28 U.S.C. § 2631(j) provides for both permissive intervention as well as intervention as a matter of right, (*see* 28 U.S.C. § 2631(j)(1)(A)–(C)). Because the case presented does not fall within the exceptions listed in the statute, it arises under the general provision of 2631(j) which requires that a "person would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade." This general provision is permissive because intervention is allowed only "by leave of court."[12]

Since DOSCO has sought intervention as of right under 28 U.S.C. § 2631(j)(1)(B) and not permissive intervention under 28 U.S.C. § 2631(j), it is not required to demonstrate that it would be "adversely affected or aggrieved by a decision" by this Court in order to intervene in this action. Instead, DOSCO simply has to establish that it is an interested party who was a party to the proceeding in connection with which the matter arose as required by 28 U.S.C. § 2631(j)(1)(B).

Notably, the case cited by the Defendant in support of its position, *USEC Inc. v United States*, is consistent with the Court's explanation in *Vivitar Corp*.[13] In that regard, the portion of the *USEC Inc.* decision cited by Defendant begins with a general description of the requirements under Rule 24 of the Court and 28 U.S.C. § 2631(j), which includes provisions for both permissive intervention and intervention as of right.[14] But when the Court addresses the party's ability to intervene as of right pursuant to 28 U.S.C. § 2631(j)(1)(B), it stated that because the party seeking intervention may be considered an interested party under the relevant statutes, it was "entitled to intervene as of right" as an

---

[12] *Vivitar Corp. v. United States*, 585 F. Supp. 1415, 1419 n.5 (Ct. Int'l Trade 1984).

[13] *See* Defendant's Comments in Opposition at 4.

[14] *See USEC Inc. v. United States*, 259 F. Supp. 2d 1310, 1329 (Ct. Int'l Trade 2003).

- 4 -

interested party who was a party to the proceeding in connection with which the matter arose under.[15]

Since this appeal involves judicial review of a final determination of an annual antidumping duty administrative review by the Department of Commerce pursuant to Section 516A of the Tariff Act,[16] and DOSCO is an interested party that participated in the underlying administrative review,[17] DOSCO has met the criteria to intervene pursuant to 28 U.S.C. § 2631(j)(1)(B). In these circumstances, DOSCO may intervene as of right in this appeal under Rule 24(a)(1) of this Court.[18]

    C.    *This Court Has Granted Intervention as of Right to Similarly Situated Parties*

In the appeal of the final results of the sixth administrative review of the antidumping duty order on Certain Oil Country Tubular Goods from Korea by the Department of Commerce (Ct. No. 22-138), SeAH Steel Company ("SeAH") sought to intervene as of right on the side of the Plaintiff. In that regard, SeAH and Hyundai Steel Company were

---

[15] *Id.* at 1331.

[16] *See, e.g.*, Plaintiff's Complaint at 1.

[17] *See* Defendant's Comments in Opposition at 1-2 (admitting that DOSCO participated as a mandatory respondent during the underlying review). *See also* DOSCO's Motion to Intervene at 1 (explaining that DOSCO "foreign producer of heavy walled rectangular welded carbon steel pipes and tubes subject to the Department's review, and participated as an interested party in the administrative review within the meaning of 19 U.S.C. § 1677(9)(A).").

[18] It should be noted that there is no dispute that DOSCO's motion for intervention was timely filed. *See* Defendant's Comments in Opposition (which does not argue that DOSCO's motion to intervene was not timely filed). *See also* DOSCO's Motion to Intervene at 2 ("The Complaint of Plaintiff HiSteel Co., Ltd. was filed on June 8, 2022. Therefore, this application is timely pursuant to Rule 24(a) (which normally requires that motions to intervene be filed within 30 days of service of the Complaint)").

the mandatory respondents in the underlying administrative review. SeAH did not appeal the final determination, but Hyundai Steel Company did. SeAH then filed a motion to intervene to support Hyundai's Steel Company's litigation of one issue.[19]

The Government opposed SeAH's intervention in that case, making similar arguments as Defendant has made in this case.[20] SeAH responded to the Government's opposition, explaining that it had met the full requirements to intervene as a matter of right because it had 'piggy-back' standing to establish Article III standing and was an interested party that participated in the underlying administrative proceeding to satisfy intervention pursuant to 28 U.S.C. § 2631(j)(1)(B).[21] Accordingly, the Court granted SeAH's intervention in that appeal.[22] Since DOSCO has also demonstrated that it has met the requirements for 'piggy-back' Article III standing and intervention pursuant to 28 U.S.C. § 2631(j)(1)(B), the Court should grant DOSCO's motion to intervene in this action.

---

[19] *See* SeAH's June 9, 2022, Motion to Intervene, Ct. No. 22-138, ECF. No 30 at 2.

[20] *See* Government's June 30, 2022, Comments in Opposition to SeAH's Motion to Intervene, Ct. No. 22-138, ECF No. 44.

It should be noted that while the Government in Court No. 22-138 and in this action asserted that the motions to intervene should be denied because the parties did not establish Article III standing or meet the requirements to intervene as of right under Rule24(a) of this Court, the specific arguments differed slightly. Nevertheless, as explained above, the Government's arguments in this case also incorrectly stated the relevant standard for intervention and do not provide a basis to deny DOSCO's intervention as of right in this action.

[21] *See* SeAH's July 6, 2022, Attachment to Motion for Leave to File Reply to Defendant's Comments in Opposition to SeAH's Motion to Intervene, Ct. No. 22-138, ECF No. 48.

[22] *See* Court's July 29, 2022, Order Granting SeAH's Motion to Intervene, Ct. No. 22-138, ECF No. 50.

Defendant's opposition to DOSCO's intervention has no support in the law, the Court's rules, or the Court's previous decisions.  Accordingly, we respectfully request that the Court disregard Defendant's comments and grant the motion for DOSCO to intervene as of right as Plaintiff-Intervenor in this proceeding.

Respectfully submitted,

/s/Jeffrey M. Winton

Jeffrey M. Winton
Amrietha Nellan
Jooyoun Jeong


WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C. 20036
(202) 774-5503

Attorneys for Dong-A-Steel Co., Ltd.

August 11, 2022