Slip Op. 22-113

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HISTEEL CO., LTD., <br><br>    Plaintiff, <br><br>v. <br><br>UNITED STATES <br><br>    Defendant, <br>and <br><br>NUCOR TUBULAR PRODUCTS INC., <br><br>    Defendant-Intervenor. | Before: Judge Gary S. Katzmann <br>Court No. 22-00142 |

## OPINION AND ORDER

[The court grants Dong-A-Steel Co., Ltd.'s Motion to Intervene.]

Dated: September 22, 2022

Jeffrey M. Winton, Michael J. Chapman, Amrietha Nellan, Vi N. Mai, Jooyoun Jeong and Ruby Rodriguez, Winton & Chapman PLLC, of Washington, D.C., for Plaintiff HiSteel Co. Ltd. and Plaintiff-Intervenor Dong-A-Steel Co., Ltd.

Kara M. Westercamp, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With her on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, Claudia Burke, Assistant Director. Of counsel on the briefs was Vania Wang, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

Robert E. DeFrancesco, III, Wiley Rein, LLP, of Washington, D.C., for Defendant-Intervenor Nucor Tubular Products Inc.

   Katzmann, Judge: Before the court is a Motion to Intervene in Histeel Co., Ltd., v. United States, Court No. 22-00142, filed by putative Plaintiff-Intervenor Dong-A-Steel Co., Ltd. ("DOSCO").

   Underpinning Histeel Co., Ltd., v. United States is Plaintiff HiSteel Co., Ltd. ("HiSteel")'s

challenge to the Department of Commerce's final determination in an administrative review of the antidumping order on Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from the Republic of Korea. See Histeel Compl. at 1, June 8, 2022, ECF No. 18; see also Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2019–2020, 87 Fed. Reg. 20,390 (Dep't Commerce April 7, 2022), P.R. 37 ("Final Results").

Putative Plaintiff-Intervenor DOSCO is a foreign producer of heavy walled rectangular welded carbon steel pipes and tubes. DOSCO and Plaintiff Histeel participated as mandatory respondents[1] in the administrative review, through which they received weighted-average dumping margins of 1.64 percent and 10.24 percent, respectively. See Final Results at 20,391. Histeel subsequently filed a timely summons and complaint to challenge its individual weighted-average dumping margin before the court. See Histeel Summons, May 9, 2022, ECF No. 1; Histeel Compl. For its part, DOSCO did not file a summons or complaint to challenge its individual dumping margin, but instead moved to intervene as a matter of right as Plaintiff-Intervenor in Plaintiff Histeel's action pursuant to USCIT Rule 24(a). See DOSCO's Mot. to Intervene, July 7, 2022, ECF No. 26 ("DOSCO's Mot.").

---

[1] In antidumping duty investigations or administrative reviews, Commerce may select mandatory respondents pursuant to 19 U.S.C. § 1677f-1(c)(2), which provides:

> If it is not practicable to make individual weighted average dumping margin determinations [in investigations or administrative reviews] because of the large number of exporters or producers involved in the investigation or review, the administering authority may determine the weighted average dumping margins for a reasonable number of exporters or producers by limiting its examination to—
>
> (A) a sample of exporters, producers, or types of products that is statistically valid based on the information available to the administering authority at the time of selection, or
>
> (B) exporters and producers accounting for the largest volume of the subject merchandise from the exporting country that can be reasonably examined.

Defendant United States ("the Government") opposes DOSCO's Motion to Intervene on the grounds that DOSCO lacks Article III standing and fails to satisfy the requirements of intervention as of right. See Def.'s Resp. in Opp. to DOSCO's Mot. to Intervene, July 28, 2022, ECF No. 36 ("Def.'s Resp."). The court granted DOSCO's Unopposed Motion for Leave to File a Reply to the Government's response, see DOSCO's Mot. for Leave to File Reply to Def.'s Cmts. in Opp. to DOSCO's Mot. to Intervene, Aug. 11, 2022, ECF No. 37; see also Ct.'s Order, Aug. 11, 2022, ECF No. 38, and deemed DOSCO's reply filed that same day, see Reply to Def.'s Cmts. in Opp. to DOSCO's Mot. to Intervene, Aug. 11, 2022, ECF No. 39 ("Reply").

Upon consideration of DOSCO's Motion and all other relevant papers and proceedings, the court grants DOSCO's Motion to Intervene as Plaintiff-Intervenor.

## I. DOSCO Has Established "Piggyback" Standing.

As a threshold matter, the Government urges the court to deny DOSCO's Motion to Intervene because DOSCO lacks Article III standing. See Def.'s Resp. at 3; see also Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) ("[S]tanding is an essential . . . part of the case-or-controversy requirement of Article III."). The Government maintains that DOSCO has not made the tripart showing for standing -- which requires (i) injury in fact; (ii) causation; and (iii) redressability, see 504 U.S. at 560–61 -- because DOSCO will not "suffer [an] injury if Commerce's determination regarding Histeel's calculated dumping margin . . . is not reversed." Def.'s Resp. at 3. By contrast, DOSCO argues that it need not establish independent constitutional standing -- including, the "injury in fact" requirement -- because DOSCO "has met the requirements for 'piggyback' standing." See Reply at 3. DOSCO is correct.

"Under our precedents, at least one party must demonstrate Article III standing for each claim for relief." Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania, 140 S. Ct. 2367, 2379 n.6 (2020). Where a putative intervenor seeks only the same relief as an existing

party to the litigation, the proposed intervenor may "piggyback" on the existing party's standing. See Cal. Steel Indus., Inc. v. United States, __ F.4th __, __, 2022 WL 4100241, at *5 (Fed. Cir. Sept. 8, 2022) (holding putative defendant-intervenors established "piggyback" standing where their "requested relief [wa]s largely identical to the [Defendant] [G]overnment's prayer for relief"). But where an intervenor "pursues relief that is broader than or different from the party invoking a court's jurisdiction," the intervenor "must independently demonstrate Article III standing." Little Sisters of the Poor, 140 S. Ct. at 2379 n.6.

Here, there is no contest that Plaintiff Histeel has independent constitutional standing to lodge its claims for relief. The question, then, is whether DOSCO can "piggyback" on Histeel's standing. The court applies the Federal Circuit's recent ruling in California Steel to find that DOSCO can. Per California Steel, "'a simple comparison of [Histeel's] prayer for relief with th[at] [of DOSCO] . . . establishes that' [DOSCO] and [Histeel] seek the same relief, thereby conferring standing upon [DOSCO]." 2022 WL 4100241, at *4. For example, in its Complaint, Histeel asks this court to declare Commerce's Final Results to be arbitrary, capricious, unsupported by substantial evidence, and otherwise not in accordance with law based, in part, on the agency's "application of its so-called 'differential pricing analysis.'" Histeel Compl. at 3–4. Correspondingly, DOSCO purports solely "to support [Histeel's] litigation of the differential pricing analysis issue." Reply at 2–3. Because DOSCO does not seek any relief separate from that sought by Histeel, DOSCO may "piggyback" on Histeel's standing and need not establish independent constitutional standing.

## II.     DOSCO May Intervene as of Right.

In addition, the Government argues that DOSCO has not met the requirements to intervene as of right under USCIT Rule 24(a)(1) because DOSCO has not shown that it would be "adversely affected or aggrieved by a decision in a civil action pending" before this court for purposes of 28

U.S.C. § 2631(j)(1)(B).  See Resp. at 4 (emphasis in original).  By contrast, DOSCO maintains that it satisfies the requirements for intervention as of right under 28 U.S.C. § 2631(j)(1)(B) and that the Government improperly asks this court to apply the standards for permissive intervention under 28 U.S.C. § 2631(j)(1) to DOSCO's motion.  See Reply at 3–4.  Here too, DOSCO is correct.

USCIT Rule 24(a)(1) states that "[o]n timely motion,[2] the court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute."  USCIT R. 24(a)(1) (footnote not in original).  Section 2631(j) of 28 U.S.C. further instructs, in relevant part:

> **(j)**
>
> **(1)** Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that—
>
> . . .
>
> **(B)** in a civil action under section 516A of the Tariff Act of 1930, only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right.

28. U.S.C. § 2631(j) (emphasis added).

By its plain text, 28 U.S.C. § 2631(j) provides for both permissive intervention as well as intervention as of right.  Compare id. § 2631(j)(1) ("[a]ny person . . . may, by leave of court, intervene"), with id. § 2631(j)(1)(B) ("such person may intervene as a matter of right").  Paragraph 2631(j)(1) -- a general provision -- establishes a path to permissive intervention where a movant "would be adversely affected or aggrieved" by an action before this court; whereas subparagraph 2631(j)(1)(B) carves out an exception to 2631(j)(1)'s general provision -- providing

---

[2] The parties do not dispute that DOSCO's Motion to Intervene was timely filed.  See Reply at 5 n.18.

for intervention as of right where a civil action arises under section 516A of the Tariff Act of 1930 and the movant otherwise qualifies. Offset by the phrase "except that," it is clear that 2631(j)(1)'s requirement that a person "be adversely affected or aggrieved" is confined to that general provision on permissive intervention and does not extend to the exception of 2631(j)(1)(B) providing for intervention as of right. Thus, where "a civil action [arises] under section 516A of the Tariff Act of 1930" -- and the movant, thereby, falls within the "as of right" exception -- the movant need only show that it is (i) an "interested party" (ii) who was a "party to the [underlying agency] proceeding" to be entitled to intervene as of right under 2631(j)(1)(B).[3] DOSCO satisfies these requirements:

First, the underlying litigation -- Histeel Co., Ltd., v. United States, Court No. 22-00142 -- is a civil action commenced under section 516A of the Tariff Act of 1930. See Histeel Compl. at 1 ("This action is commenced pursuant to Sections 516A(a)(2)(A) and (B)(iii) of the Tariff Act of 1930."). Accordingly, DOSCO falls within the "as of right" exception under 28 U.S.C. § 2631(j)(1)(B).

Next, DOSCO is an "interested party." By statute, an "interested party" includes "a foreign manufacturer, producer, or exporter, or the United States importer, of subject merchandise." 19 U.S.C. § 1677(9)(A); id. § 1516a(f)(3). DOSCO is a "foreign producer of heavy walled rectangular welded carbon steel pipes and tubes subject to the Department's review." See

---

[3] See N. Am. Interpipe, Inc. v. United States, 45 CIT __, __, 519 F. Supp. 3d 1313, 1324 n.18 (2021) ("By statute, interested parties that participate in administrative proceedings before Commerce and the ITC in antidumping and countervailing duty matters may intervene as of right in any ensuing litigation in the CIT." (citing 28 U.S.C. § 2631(j)(1)(B))); see also Ct.'s Order Granting SEAH Steel's Mot. to Intervene, Ct. No. 22-138, July 29, 2022, ECF. No 50 (granting SEAH Steel's motion to intervene as of right under 28 U.S.C. § 2631(j)(1)(B) where movant was "an interested party that was a party to Commerce's review," without discussion of whether SEAH Steel would be "adversely affected or aggrieved by a decision in a civil action pending" before this court).

DOSCO's Mot. at 1; Reply at 5 n.17.

Finally, DOSCO is a "party to the proceeding." Agency regulations define a "party to the proceeding" as "any interested party that actively participates, through written submissions of factual information or written argument, in a segment of a proceeding." 19 C.F.R. § 351.102(b)(36). DOSCO participated as a mandatory respondent in the underlying administrative review of the antidumping order on <u>Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from the Republic of Korea</u>. <u>See</u> Resp. at 1–2; <u>Final Results</u> at 20,390–91.

In sum, because the underlying litigation consists of a civil action commenced under section 516A of the Tariff Act of 1930, and because DOSCO is "an interested party who was a party to the proceeding[s]," DOSCO is entitled to intervene as of right by operation of 28 U.S.C. § 2631(j)(1)(B) and USCIT Rule 24(a)(1).

For the foregoing reasons, it is hereby:

**ORDERED** that DOSCO's Motion to Intervene, ECF No. 26, is granted; and it is further

**ORDERED** that DOSCO is entered as Plaintiff-Intervenor in <u>Histeel Co., Ltd., v. United States</u>, Court No. 22-00142; and it is further

**ORDERED** that the Parties shall confer and submit to the court by no later than October 5, 2022 a revised proposed scheduling order for this action, if necessary.

　　　　　　　　　　　　　　　　　　　　　　　　　　<u>/s/　Gary S. Katzmann</u>
　　　　　　　　　　　　　　　　　　　　　　　　　　　Gary S. Katzmann, Judge

Dated: <u>September 22, 2022</u>
　　　　New York, New York