UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| HISTEEL CO., LTD., | ) |
| Plaintiff, | ) |
| and | ) |
| DONG-A-STEEL CO., LTD., | ) |
| Plaintiff-Intervenor | ) |
| v. | ) Court No. 22-00142 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| NUCOR TUBULAR PRODUCTS INC., | ) |
| Defendant-Intervenor. | ) |

ORDER

Upon consideration of the Defendant-Intervenor's Notice of Supplemental Authority and Motion to Stay Proceedings and the Response in Opposition filed by Plaintiff and Plaintiff-Intervenor, it is hereby:

ORDERED that the Motion to Stay Proceedings is DENIED.

Signed: _____
Gary S. Katzmann, Judge

Dated: _____
New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| HISTEEL CO., LTD., <br><br> Plaintiff, <br><br> and <br><br> DONG-A-STEEL CO., LTD., <br><br> Plaintiff-Intervenor <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> NUCOR TUBULAR PRODUCTS INC., <br><br> Defendant-Intervenor. | Court No. 22-00142 |

PLAINTIFF AND PLAINTIFF-INTERVENOR'S RESPONSE IN
OPPOSITION TO DEFENDANT-INTERVENOR'S MOTION TO STAY PROCEEDINGS

Plaintiff HiSteel Co., Ltd. ("HiSteel") and Plaintiff-Intervenor Dong-A-Steel Co., Ltd., ("DOSCO") (collectively, "Plaintiffs") respectfully submit this response to the Notice of Supplemental Authority and Motion to Stay Proceedings filed by Defendant-Intervenor Nucor Tubular Products Inc. ("Defendant-Intervenor").[1]  For the reasons discussed below, the Court should not stay this proceeding and should deny the Defendant-Intervenor's Motion.

---

[1] *See* Defendant-Intervenor Nucor Tubular Products Inc.'s Notice of Supplemental Authority and Motion to Stay Proceedings, ECF No. 57 ("Motion").

ARGUMENT

In its Motion, Defendant-Intervenor requested the Court to stay this case pending the expiration of the deadline to appeal *Stupp Corp. v. United States*, Ct. No. 15-00334, slip. op. 23-23 (Ct. Int'l Trade Feb. 24, 2023) ("*Stupp IV*").[2]  Defendant-Intervenor claimed that a stay would be appropriate because *Stupp IV* involves "virtually identical" issues, and any appeal of *Stupp IV* "will ultimately dictate the outcome of this case."[3]  Moreover, Defendant-Intervenor claims that a stay in this proceeding should be granted in "the interests of judicial economy and conserving the parties' resources" and "that a stay will not work undue harm or prejudice."[4]

As explained below, Defendant-Intervenor is incorrect in suggesting that any appeal of *Stupp IV* will ultimately dictate the outcome of this appeal.  Moreover, Defendant-Intervenor has failed to meet the standards required to justify the imposition of a stay in this proceeding.

    A.    This Case Involves Issues Not Discussed in Stupp IV and Any Appeal of Stupp IV Does not Warrant a Delay in this Case

        1.    This Case Does Not Involve the Same Issue as in Stupp IV

Defendant-Intervenor's insistence that *Stupp IV* involves "virtually identical issues" as in this proceeding and that an appeal of *Stupp IV* would "ultimately dictate the outcome of this case" is incorrect.[5]

As the Court is aware, the Court of Appeals for the Federal Circuit ("CAFC") rejected Commerce's application of its differential pricing analysis in *Stupp Corporation v. United*

---

[2] *Id.* at 1.

[3] *Id.* at 2.

[4] *Id.*

[5] *See, id.* at 1.  *See also*, *id.* at 2.

- 3 -

*States*, 5 F.4th 1341 (Fed. Cir. 2021) ("*Stupp III*"). In *Stupp III*, the CAFC referred to academic materials on the proper application of the Cohen's *d* test , that were publicly-available and not part of the administrative record.[6]  Based on those materials, the CAFC explained that when Commerce applies the Cohen's *d* test to data… {that} violated the assumptions of normality, sufficient observation size, and roughly equal variances associated with that test," Commerce must either explain "whether the limits on the use of the Cohen's *d* test prescribed by Professor Cohen and other authorities were satisfied in this case or whether those limits need not be observed when Commerce uses the Cohen's *d* test in {antidumping} adjudications."[7]  The CAFC then held that Commerce's application of its differential pricing analysis was unreasonable because it had failed to provide such reasoning in that case and required Commerce to explain, in light of the academic materials cited by the Court, how "it {is} permissible to disregard the otherwise-applicable limitations on the use of the Cohen's *d* test."[8]

Pursuant to *Stupp III*, this Court remanded the matter back to Commerce for further explanation.  On remand, Commerce reopened the record, gathered additional academic material, and set forth new justifications for its use of the Cohen's *d* test in its remand redetermination that purportedly addressed the statistical issues raised by the CAFC in *Stupp III*.  This Court then upheld Commerce's remand redetermination in *Stupp Corp. v. United States*, No. 15-00334, 2023 WL 2206548, at *5 (Ct. Int'l Trade Feb. 24, 2023) ("*Stupp IV*") on the grounds that Commerce had sufficiently addressed the CAFC's concerns.

---

[6] *See Stupp Corporation v. United States*, 5 F.4th 1341, 1357-59 (Fed. Cir. 2021).

[7] *Id*. at 1360.

[8] *Id*.

In its Final Determination that is subject to this appeal, Commerce's application of its differential pricing analysis did <u>not</u> address the academic materials identified by the CAFC in *Stupp III* and did <u>not</u> rely on the justifications set forth in the remand redetermination before the Court in *Stupp IV*. As a result, contrary to Defendant-Intervenor's claim, *Stupp IV* does not involve "identical issues" to this case and any appeal of that decision will <u>not</u> "narrow" or "resolve" any of the issues in this appeal.[9]

Instead, as explained in Plaintiff's initial brief, Commerce's Final Determination applied its differential pricing analysis in the same manner that was rejected by the CAFC in *Stupp III*. And, significantly the CAFC has held that other decisions by Commerce must also be remanded when the use of Cohen's *d* in the differential pricing analysis in the proceeding presents "identical concerns" to those raised in *Stupp III*.[10] In these circumstances, this case must be remanded for reconsideration consistent with the CACF's determination in *Stupp III*.

Plaintiffs, of course, recognize that Commerce may very well rely on the same justifications set forth in its remand redetermination in *Stupp* to support its use of the differential pricing analysis on remand in this case. However, it is only at that time that this Court's decision in *Stupp IV* would have any bearing on this appeal. Significantly, even then, *Stupp IV* would not be binding precedent. Nevertheless, at this moment, Defendant-Intervenor's Motion is premature and fails to identify a case that addresses "identical concerns" to this appeal.

---

[9] *See* Defendant-Intervenor's Motion, at 3.

[10] *See NEXTEEL Co. v. United States*, 392 F. Supp. 3d 1276 (Ct. Int'l Trade 2019), aff'd in part, vacated in part, remanded, 28 F.4th 1226 (Fed. Cir. 2022) (citing *Stupp Corp. v. United States*, 5 F.4th 1341 (Fed. Cir. 2021)).

### 2. This Case Involves Additional Issues Not Discussed in _Stupp IV_

Furthermore, this case involves two additional issues, other than Commerce's differential pricing analysis. In this case, Plaintiff also challenges Commerce's application of the Transaction Disregarded rule to adjust the price of slitting services obtained by HiSteel from an affiliated company and the price of scrap sold by HiSteel to an affiliated company. Defendant-Intervenor's Motion entirely fails to recognize these additional issues before the Court, which further undermines the relevance *Stupp IV* has on this case and the need for a stay pending the final disposition of *Stupp IV*.

### B. The Standard for Granting a Stay in this Appeal Are Not Met

A party seeking a stay must "make a strong showing that a stay is necessary and that the disadvantageous effect on others would be clearly outweighed."[11] Furthermore, "in reviewing a motion to stay proceedings, {the Court's} 'paramount obligation' is to exercise jurisdiction timely in the case before it."[12] In evaluating a party's motion to stay pending appeal, the Court will consider:

> (1) whether the stay applicant has made a strong showing that {the applicant} is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.[13]

Defendant-Intervenor's motion to stay this proceeding fails to meet this high bar.

---

[11] *Georgetown Steel Co. v. United States*, 27 CIT 550, 553 (2003).

[12] *Gerald Metals, Inc. v. United States*, 27 F. Supp. 2d 1351, 1354 n.6 (CIT 1998) (quoting *Cherokee Nation of Okla v. United States*, 124 F. 3d 1413, 1416 (Fed. Cir. 1997)).

[13] *Georgetown Steel*, 27 CIT at 552-53 (quoting *Save Domestic Oil, Inc. v. United States*, 122 F. Supp. 2d 1375, 1380 (2000), *appeal dismissed,* 18 Fed. Appx. 819, 2001 WL 929726 (Fed. Cir. 2001), quoting *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987), and citing *Standard Havens Prods., Inc. v. Gencor Indus., Inc.,* 897 F.2d 511, 512 (Fed. Cir. 1990)) (alteration added).

  1.  *The Likelihood of Success on the Merits is Low*

The Defendant-Intervenor failed to make the requisite strong showing that it is likely to succeed on the merits. In fact, the Defendant-Intervenor's Motion simply relies on the mere possibility of an appeal of *Stupp IV*.

  2.  *Defendant-Intervenor Will Not Be Irreparably Harmed in the Absence of a Stay*

In its Motion to stay this proceeding, the Defendant-Intervenor does not (and indeed cannot) argue that it would be "irreparably injured" absent a stay.[14]

By the time of Defendant-Intervenor's Motion, all the parties to this appeal have completed their briefing to this Court and an oral argument has been scheduled. A stay at this point in the proceeding, therefore, will not meaningfully "conserve party resources" as suggested by the Defendant-Intervenor in their Motion to stay this proceeding.

Furthermore, the additional resources required of the Defendant-Intervenor to participate in this proceeding in the absence of a stay are routine and limited. Given the late stage of this proceeding and the fact that the issues in this proceeding *will not* be resolved by an appeal of *Stupp IV*, a stay in this proceeding would do little to reduce the resource demands on Defendant-Intervenor.

As the Court knows well, Commerce frequently faces situations where issues that span multiple antidumping proceedings (often administrative reviews for the same dumping order) frequently proceed before this Court, even if a party takes an appeal on a related issue to the Federal Circuit in the context of another antidumping proceeding (*e.g.*, a preceding administrative review). In fact, the Government itself has argued in opposing a motion to stay that stopping ongoing proceedings before this Court in the shadow of ongoing proceeding in related cases is inappropriate "because of the annual nature of

---

[14] *See Georgetown Steel*, 27 CIT at 552-53.

Commerce's administrative reviews, litigation routinely proceeds in this Court despite ongoing proceedings in related cases."[15] In this case, Defendant-Intervenor has asked this Court to grant the extraordinary remedy of a stay in a routine context where there is some overlap between an issue in the current proceeding and an issue in a another proceeding that may or may not be appealed.

Denial of a stay would not impose any litigation-related burdens on Defendant-Intervenor beyond the burdens that might be borne if a stay were imposed. In this regard, a stay is not required to ensure that the Defendant-Intervenor can benefit from any beneficial outcome if *Stupp IV* is appealed. For example, suppose *Stupp IV* is affirmed on appeal, the Defendant-Intervenor is entitled to rely on that decision if this case is remanded or alternatively seek appellate review of the Court's final judgment in this case and would be entitled to argue in such an appeal that the Federal Circuit's affirmance of *Stupp IV* would be controlling or persuasive. Moreover, if this case remains pending as of the outcome of appeal of *Stupp IV* by the Federal Circuit, the Defendant-Intervenor would be entitled to notify this Court of any appellate opinion, including an opinion in the Federal Circuit proceedings, which would have a bearing on the ultimate disposition of this case. In these circumstances, Defendant-Intervenor would not be prejudiced by a denial of a stay in this proceeding.

In light of the foregoing, Defendant-Intervenor is not likely to suffer irreparable harm if no stay is imposed in this appeal.

---

[15] *See* Gov't Opp. Mot. Stay, *Jiaxing Brother Fastener Co., Ltd. v. United States*, Case No. 15-00313 (Feb. 29, 2016), ECF No. 22, at 4-5 (quoting *Giorgio Foods, Inc. v. United States*, 37 CIT 152, 155 (2013)).

### 3. *A Stay Is Likely to Injure the Plaintiffs*

In contrast, there is far more than a "fair possibility" that a stay would substantially injure Plaintiffs here.[16]

Plaintiffs are entitled to "just, speedy and inexpensive determination of every action and proceeding."[17] Allowing the Defendant-Intervenor to short-circuit the Court's proceedings here simply because an appeal might be taken on another case that does not directly address the issues before the Court in this proceeding would deprive Plaintiffs of their right to speedy disposition of this matter enshrined in Rule One of this Court's Rules.

Plaintiffs have already expended substantial effort in prosecuting this case. A stay in this proceeding will prevent Plaintiffs from being able to benefit from lower dumping margins that could result from this case for an uncertain period of time.

Defendant-Intervenor suggests its request for a stay is of limited duration.[18] However, the reality is that there is no way of knowing how long a stay in this proceeding might persist if granted once *Stupp IV* is appealed. But, as discussed above, any decision that is ultimately made by the Federal Circuit on *Stupp IV* has no bearing on the current issues before the Court and can be easily incorporated in this appeal if necessary — either by notifying this Court if the Court had not issued a decision or this proceeding is remanded or raising it with the Federal Circuit in the event that this proceeding has already been appealed.

---

[16] *See Giorgio Foods*, 37 CIT at 154.

[17] *See* USCIT R. 1.

[18] Defendant-Intervenor's Motion, at 4.

In light of the foregoing, the issuance of a stay in this proceeding would create unnecessary and uncertain delays that will delay the time in which the Plaintiffs can realize the benefits of the reduced dumping margins.

    4.    *The Public Interest Is Not Served by a Stay of This Appeal*

The public interest will not be served by delaying these proceedings.

As an initial matter, a stay in this proceeding will do little to promote judicial economy as suggested by Defendant-Intervenor. As discussed above, this case involves three issues, none of which are presented in *Stupp IV*. In these circumstances, the outcome of an appeal of *Stupp IV* will not have a material impact on the Court resources needed to complete this proceeding.

In addition, Plaintiffs and the public have an interest in a speedy disposition of litigation when the facts and issues are ripe and ready for judicial review (and indeed, in this case, procedurally ready for resolution by this Court).

In short, the public interest does not support the issuance of a stay of the appeal.

CONCLUSION

In light of the foregoing, the Court should not stay this proceeding and should deny the Defendant-Intervenor's Motion.

Respectfully submitted,

/s/ Jeffrey M. Winton

Jeffrey M. Winton
Amrietha Nellan
Vi N. Mai
Jooyoun Jeong

WINTON & CHAPMAN PLLC
1900 L Street, N.W., Suite 611
Washington, D.C.  20036
(202) 774-5500

Attorneys for HiSteel Co., Ltd.
    and Dong-A-Steel Co., Ltd.

March 20, 2023