IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| HISTEEL CO., LTD, <br><br>    Plaintiff, <br><br>  and <br><br>DONG-A-STEEL CO., LTD. <br><br>    Plaintiff-Intervenor, <br><br>  v. <br><br>UNITED STATES, <br><br>    Defendant, <br><br>  and <br><br>NUCOR TUBULAR PRODUCTS INC., <br><br>    Defendant-Intervenor. | Before: Hon. Gary S. Katzmann, <br>    Judge <br><br>Court No. 22-00142 |

## ANSWERS TO ORAL ARGUMENT QUESTIONS

Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Jake R. Frischknecht, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for Defendant-Intervenor Nucor Tubular Products Inc.*

Dated: March 27, 2023

Ct. No. 22-00142

I. **Questions for Defendant-Intervenor Nucor Tubular Products Inc.**

1. *After the Federal Circuit's holding in <u>Stupp</u>, does academic literature on the Cohen's d test qualify as factual information that needs to be introduced into the agency record? How should this court interpret the Federal Circuit's citations to, and reliance on, academic literature in <u>Stupp</u>? <u>See</u> 5 F.4th at 1357–60.*

Yes, both the Federal Circuit and the Court of International Trade agree that academic literature qualifies as factual information. *Stupp Corporation v. United States*, 5 F.4th 1341, 1350 (Fed. Cir. 2021) (identifying plaintiff's "references to academic articles" as "factual information") ("*Stupp III*"); *Stupp Corporation v. United States,* 359 F. Supp. 3d 1293, 1299-1301 (Ct. Int'l Trade 2019) ("Factual information may include . . . academic materials") ("*Stupp I*") citing *Tri Union Frozen Prods., Inc. v. United States*, 163 F. Supp. 3d 1255, 1287–88, 1290–92 (Ct. Int'l Trade 2016), aff'd, 741 F. App'x 801 (Fed. Cir. 2018) (per curiam).

The failure of Plaintiff and Plaintiff-Intervenor to place the academic literature on the administrative record undermines both administrative agency authority and judicial efficiency, the dual policies that underlie the exhaustion requirement. *Palladian Partners, Inc. v. United States*, 783 F.3d 1243, 1254–55 (Fed. Cir. 2015). Commerce has an "interest in being the initial decisionmaker in implementing" the AD/CVD laws. *JBF RAK LLC v. United States*, 991 F. Supp. 2d 1343, 1350 (Ct. Int'l Trade 2014), *aff'd,* 790 F.3d 1358 (Fed. Cir. 2015). In addition, the exhaustion requirement applies here with special force so that Commerce, as master of the antidumping law, may "apply its special expertise" in the first instance. *Corus Staal BV v. United States*, 502 F.3d 1370, 1379–80 (Fed. Cir. 2007). Yet, Plaintiff and Plaintiff-Intervenor strategically denied Commerce the opportunity "to perform functions within its special competence {such as} to mak{ing} a factual record {and} apply{ing} its expertise." *Sandvik Steel Co. v. United States*, 164 F.3d 596, 600 (Fed. Cir. 1998). In doing so, Plaintiff and Plaintiff-Intervenor

also denied the Court an opportunity to review an adequate record as to Plaintiff's objections to the differential pricing analysis. *JBF RAK LLC v. United States*, 991 F. Supp. 2d 1343, 1350 (Ct. Int'l Trade 2014); *see also McCarthy v. Madigan,* 503 U.S. 140, 145 (1992) (noting that "exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration, especially in a complex or technical factual context"). Therefore, this Court should hold that Plaintiffs failed to exhaust their administrative remedies and find the Final Results are supported by substantial evidence and otherwise in accordance with law.

This Court should not give any special weight to academic literature cited by the Federal Circuit in *Stupp III* because exhaustion was waived in that case. Exhaustion is an affirmative defense. *Aluminum Extrusions Fair Trade Comm. v. United States*, 37 CIT 1482, 1485 (Oct. 9, 2013); *cf. Casanova v. Dubois*, 304 F.3d 75, 77 n.3 (1st Cir. 2002) (collecting Court of Appeals decisions holding that exhaustion is an affirmative defense under the Prison Litigation Reform Act of 1995). Affirmative defenses are deemed waived unless raised in a pleading. *Amgen Inc. v. Sandoz Inc.*, 877 F.3d 1315, 1324 (Fed. Cir. 2017); CIT Rule 8(d)(1). Where a defendant does not timely raise the affirmative defense of exhaustion, the defense is waived and a plaintiff's claim may proceed on the merits. *W. Bend Co., Div. of Dart Indus. v. United States*, 8 CIT 42, 43–44 (1984) (holding exhaustion to be a "lost defense" where the government did not timely raise the argument). Such a "lost defense" does not, and cannot, bind future parties from raising the exhaustion defense in a timely manner. *Id.* at 43-44 (noting that a timely raised exhaustion argument would have been a serious issue in this case, and will have to be faced by other parties if it is raised in other cases.). However, where timely raised, failure to exhaust administrative remedies requires denial of plaintiff's motion on the agency record. *Aluminum Extrusions Fair Trade Comm.*, 37 CIT at 1485.

An issue in both *Stupp I* and *Stupp III* was whether Commerce unreasonably rejected the plaintiff's administrative case brief. Both courts agreed that the administrative case brief had new and untimely factual information, and therefore Commerce acted appropriately in rejecting and not considering the arguments and academic information. *Stupp III* at 1350; *Stupp I at* 1299-1301. However, separate and distinct from the rejection of its case brief, the plaintiff raised anew its claims that relied heavily on the academic literature. SeAH Steel Corp.'s Motion of Plaintiff SeAH Steel Corp. for Judgement on the Agency Record to the Parties, *SeAH Corp. v. United States*, No. 15-00334 (Ct. Int'l Trade July 5, 2016), ECF No. 40 at 10-20; SeAH Steel Corp.'s Reply Brief, *SeAH Corp. v. United States*, No. 15-00334 (Ct. Int'l Trade Jan. 19, 2017), ECF No. 85 at 11-13; Stupp Corp.'s Corrected Brief, *Stupp Corp v. United States*, No. 20-1857 (Fed. Cir. Sept. 9, 2020), ECF No. 28 at 15-19. Neither the government nor Defendant-Intervenors raised the exhaustion defense. Stupp Corp.'s Response Brief, *Stupp Corp. v. United States*, No. 15-00334 (Ct. Int'l Trade Nov. 14, 2016), ECF No. 63; Defendant's Memorandum in Opposition to Rule 56.2 Motions for Judgement Upon the Agency Record, *Stupp Corp. v. United States*, No. 15-00334 (Ct. Int'l Trade Nov. 14, 2016), ECF No. 66; Department of Justice's Response Brief, *Stupp Corp. v. United States*, No. 20-1857 (Fed. Cir. Nov. 2, 2020), ECF No. 33. Therefore, as is appropriate, both courts reviewed the substance of the issues and issued an opinion, neither of which mention exhaustion. The *Stupp III* opinion cannot be read as creating a *de facto* exemption from exhaustion doctrine for the cited academic literature.

In contrast, the affirmative defense of exhaustion has been timely raised here. Thus, this Court must consider whether the factual information and arguments were presented to Commerce at the appropriate time. A review of the record demonstrates that Plaintiff and Plaintiff-Intervenor

failed to exhaust administrative remedies. Therefore, this Court should deny the motions for judgment on the agency record. *Aluminum Extrusions Fair Trade Comm*, 37 CIT at 1485.

In addition, the *Stupp III* court understood and honored Commerce's role as the expert and initial decision maker. The remand instructions stated:

> We . . . remand to give Commerce an opportunity to explain whether the limits on the use of the Cohen's *d* test prescribed by Professor Cohen and other authorities were satisfied in this case or whether those limits need not be observed when Commerce uses the Cohen's *d* test in less-than-fair-value adjudications. In that regard, we invite Commerce to clarify its argument that having the entire universe of data rather than a sample makes it permissible to disregard the otherwise-applicable limitations on the use of the Cohen's *d* test.

*Stupp III* at 1360. The court acknowledged that, on its face and as presented to the court, the academic literature raised some concerns regarding Commerce's application of the Cohen's *d* test to anti-dumping calculations. However, the factual information was provided by one side with no opportunity for rebuttal, and Commerce did not have the opportunity to review the literature. Thus, by remanding for consideration and explanation, the *Stupp III* court implicitly recognized that competing factual information exists, particularly in academic fields where research and debate is a continuing and never-ending process. The *Stupp III* court also implicitly recognized Commerce, as master of the antidumping laws, should have the opportunity to make the initial determination as to how competing factual information should influence its calculations.

On remand, Commerce requested from the plaintiff the publications cited in *Stupp III*, and granted all parties the opportunity to submit factual information to rebut, clarify, or correct the requested information. Letter from Elizabeth Eastwood, Program Manager, Off. II, AD/CVD Operations to All Interested Parties, re: *Remand Redetermination in the Less-Than-Fair-Value Investigation of Welded Line Pipe from the Republic of Korea* (Oct. 29, 2021) (ACCESS Barcode 4176823-01). To the best of Nucor Tubular's knowledge, this is the one and only time that any

party has placed the academic literature cited in *Stupp III* on the administrative record. Letter from Winton & Chapman, PLLC to Sec'y Commerce, re: *Remand Redetermination in the Less-Than-Fair-Value Investigation of Welded Line Pipe from Korea – Submission of Publications Requested in the Department's October 29 Letter* (Nov. 12, 2021) (ACCESS Barcode 4181776-01). Rebuttal factual information was also submitted, specifically excerpts of the publications that the plaintiff omitted from the public version. Letter from Schagrin Associates to Sec'y Commerce, re: *Welded Line Pipe from Korea: Submission of Information to Rebut, Clarify, or Correct SeAH Steel Corporation's November 12, 2021 Submission* (Nov. 19, 2021) (ACCESS Barcode 4184007-01). Commerce was then able to do a fulsome review of the literature provided by both sides and file a remand determination with the Court of International Trade.  The remand determination was recently upheld in *Stupp Corp. v. United States*, Ct. No. 15-00334, slip op. 23-23 (Ct. Int'l Trade Feb. 24, 2023) ("*Stupp IV*").

This remand process mirrored the usual administrative process, which allows for parties to submit competing factual information and make arguments. *See* 19 C.F.R. § 351.301(c).  Then, the agency with special expertise is able to make a final decision from a fulsome record.  Yet, this standard process did not happen here because Plaintiff and Plaintiff-Intervenor failed to timely present their factual information and arguments.

   2. **Assuming *arguendo* that the academic literature itself did not need to be introduced on the record and the court may review it, has Plaintiff exhausted its administrative remedies in this case?**

      a.    **Did Plaintiff cite to the academic literature in its briefing before Commerce?**

Even if the academic literature did not need to be introduced on the record, Plaintiff and Plaintiff-Intervenor have not exhausted their administrative remedies.  Plaintiff and Plaintiff-

5

Ct. No. 22-00142

Intervenor filed a joint case brief at Commerce.  Letter from Winton & Chapman PLLC to Sec'y Commerce, re: Administrative Review of the Antidumping Order on *Heavy Walled Rectangular Welded Carbon Steel Pipe and Tube from Korea – Redacted Case Brief of Dong-A-Steel Co. Ltd. and HiSteel Co. Ltd.* (Nov. 17, 2021), P.R. 239.  This brief did not cite to any of the academic literature that is cited in their briefs before this Court.  Plaintiff and Plaintiff-Intervenor failed to properly raise the arguments before Commerce.  Therefore, they are now barred by the exhaustion doctrine from making the arguments here.

> **b.** **Before Plaintiff sued in this court, has Commerce ever had an opportunity to review Plaintiff's cited academic literature or to rebut the arguments that Plaintiff has presented?**

To the best of Nucor Tubular's knowledge, the only time that the academic literature has been placed on any administrative record was during remand proceedings following *Stupp III*.  After considering the literature, Commerce filed a remand determination justifying its continued use of the Cohen's *d* test.  That remand was recently upheld in *Stupp IV*.

> **3.  What authorities best support your overall argument?**

<u>Plaintiff and Plaintiff-Intervenor fail to exhaust their administrative remedies.</u>

- *Mittal Steel Point Lisas Ltd. v. United States*, 548 F.3d 1375 (Fed. Cir. 2008)
- *Palladian Partners, Inc. v. United States*, 783 F.3d 1243 (Fed. Cir. 2015)
- *Corus Staal BV v. United States*, 502 F.3d 1370 (Fed. Cir. 2007)
- *Sandvik Steel Co. v. United States*, 164 F.3d 596 (Fed. Cir. 1998)
- *JBF RAK LLC v. United States*, 790 F.3d 1343 (Fed. Cir. 2015)
- *JCM, Ltd. v. United States*, 210 F.3d 1357 (Fed. Cir. 2000)
- *Boomerang Tube LLC v. United States*, 856 F.3d 908, 912 (Fed. Cir. 2017)
- *McKart v. United States,* 395 U.S. 185 (1969).
- *McCarthy v. Madigan,* 503 U.S. 140 (1992)
- *Aluminum Extrusions Fair Trade Comm. v. United States*, 37 C.I.T. 1482, 1485 (2013);
- *W. Bend Co., Div. of Dart Indus. v. United States*, 8 C.I.T. 42, 43–44 (1984)

- 28 U.S.C. § 2637(d).

<u>Cohen's d Test is Reasonable</u>

- *Stupp Corp. v. United States*, Ct. No. 15-00334, slip op. 23-23 (Ct. Int'l Trade Feb. 24, 2023)
- *Marmen Inc. v. United States*, Ct. No. 20-00169, slip op. 23-37, provided as **Attachment 1**.

4. **In addition to <u>Stupp Corp. v. United States</u>, No. 15-00334 (CIT Feb. 24, 2023), are there any recent or pending Federal Circuit or CIT cases that may affect the court's analysis?**

Yes. Nucor Tubular is aware of three recent or pending relevant cases.

First, on March 20, 2023, Judge Choe-Groves upheld Commerce's use of the Cohen's *d* test against a challenge similar to the challenge in this case. *Marmen Inc. v. United States*, Ct. No. 20-00169, slip op. 23-37, provided as **Attachment 1**. The court explained that

> "Commerce's use of a population, rather than a sample, in the application of the Cohen's *d* test sufficiently negates the questionable assumptions about thresholds that were raised in *Stupp*. Based on Commerce's explanation, this Court concludes that Commerce's application of the Cohen's *d* test to determine whether there was a significant pattern of differences was reasonable because Commerce applied the Cohen's *d* test to a population rather than a sample. Because Commerce adequately explained how its methodology is reasonable, the Court holds that Commerce's use of the Cohen's *d* test applied as a component of its differential pricing analysis is in accordance with law."

*Marmen Inc. v. United States*, Ct. No. 20-00169, slip op. 23-37 at 20. The remand determination upheld in *Marmen* mirrored the remand determination upheld *Stupp IV*.

Second, briefing concluded in January 2023 in *NEXTEEL Co., Ltd. v. United States*, CIT Case No. 18-00083. The Federal Circuit remanded this case to Commerce in light of *Stupp III*, and Commerce filed with the Court of International Trade a remand determination. It appears that the court's decision on the remand determination is imminent.

7

Ct. No. 22-00142

Finally, *SeAH Steel Corp. v. United States*, Case No. 23-1657 is an appeal from the Court of International Trade that was docketed at the Federal Circuit on March 20, 2023. The appeal was docketed after Judge Choe-Groves rejected a motion for reconsideration in light of *Stupp III* in SeAH *Steel Corp. v. United States*, Slip. Op. 23-21, provided as **Attachment 2**.

    Respectfully submitted,

    */s/ Robert E. DeFrancesco*
    Alan H. Price, Esq.
    Robert E. DeFrancesco, III, Esq.
    Jake R. Frischknecht, Esq.

    **WILEY REIN LLP**
    2050 M Street, NW
    Washington, DC 20036
    (202) 719-7000

    *Counsel for Defendant-Intervenor Nucor Tubular Products Inc.*

Dated: March 27, 2023

CERTIFICATE OF COMPLIANCE

Pursuant to the Court's March 13, 2023 letter concerning questions for oral argument (ECF No. 60), the undersigned certifies that this submission complies with the word limitation requirement. The word count for Nucor Tubular Product Inc.'s Answers to Oral Argument Questions, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2019), is 2,359 words.

   */s/ Robert E. DeFrancesco, III*
(Signature of Attorney)

   *Robert E. DeFrancesco, III*
(Name of Attorney)

   Nucor Tubular Products Inc.
(Representative Of)

   March 27, 2023
(Date)