UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| HISTEEL CO., LTD., <br><br> Plaintiff, <br><br> and <br><br> DONG-A-STEEL CO., LTD., <br><br> Plaintiff-Intervenor <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> NUCOR TUBULAR PRODUCTS INC., <br><br> Defendant-Intervenor. | Court No. 22-00142 |

ORDER

Upon consideration of the Defendant-Intervenor's Motion to Dismiss and the Response in Opposition filed by Plaintiff, it is hereby:

ORDERED that the Motion to Dismiss is DENIED.

Signed: _____
Gary S. Katzmann, Judge

Dated: _____
    New York, NY

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| HISTEEL CO., LTD.,<br><br>　　　　　　Plaintiff,<br><br>　　　and<br><br>DONG-A-STEEL CO., LTD.,<br><br>　　　　　　Plaintiff-Intervenor<br><br>　　　v.<br><br>UNITED STATES,<br><br>　　　　　　Defendant,<br><br>　　　and<br><br>NUCOR TUBULAR PRODUCTS INC.,<br><br>　　　　　　Defendant-Intervenor. | Court No. 22-00142 |

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT-INTERVENOR'S MOTION TO DISMISS

　　　Plaintiff HiSteel Co., Ltd. ("HiSteel") respectfully submits this response to the April 24, 2023, Motion to Dismiss filed by Defendant-Intervenor Nucor Tubular Products Inc. ("Defendant-Intervenor").[1]  For the reasons discussed below, the Court should not dismiss counts two and three of Plaintiff's complaint and should deny Defendant-Intervenor's Motion.

---

[1] *See* Defendant-Intervenor Nucor Tubular Products Inc.'s April 24, 2023, Motion to Dismiss Claims Two and Three for Lack of Subject-Matter Jurisdiction, ECF Nos. 70 and 71.

ARGUMENT

In its Motion, Defendant-Intervenor requested the Court to dismiss claims two and three of Plaintiff's complaint regarding Commerce's application of the transactions disregarded rule for a lack of subject matter jurisdiction.[2] In particular, Defendant-Intervenor claimed that reversing Commerce's adjustments to Plaintiff's costs and scrap offset as a result of the transactions disregarded rule will not change HiSteel's margin because the correction of each adjustment on the margin is less than 0.01 percent.[3] As a result, Defendant-Intervenor asserted that Plaintiff has not demonstrated injury-in-fact or a redressable error to establish subject matter jurisdiction for claims two and three.[4] However, Defendant-Intervenor's analysis of the margin failed to consider all of Plaintiff's claims.

As the Court is aware, Plaintiff made three claims against the Department of Commerce's final determination in the HWR 2019-20 review: (1) Commerce's use of the differential pricing analysis was improper, (2) Commerce's adjustment to HiSteel's costs under the transactions disregarded rule was unsupported by substantial evidence, and (3) Commerce's adjustment to HiSteel's scrap offset under the transactions disregarded rule was unsupported by substantial evidence.[5] With respect to the differential pricing analysis, Plaintiff argued that Commerce's application of the differential pricing analysis was unreasonable and inconsistent with the decision by the Court of Appeals for the Federal Circuit ("CAFC") in *Stupp*, because Commerce failed to adhere to the underlying

---

[2] *See id*.

[3] *See id*. at 3.

[4] *See id*.

[5] *See* Plaintiff's June 8, 2022, Complaint, ECF No. 18.

statistical assumptions of that test.[6]  In particular, in *Stupp* the CAFC was concerned that Commerce's use of the 0.8 cutoff to determine whether an effect was "large" was inconsistent with the assumptions of "normality, sufficient observation size, and roughly equal variance" and required Commerce to explain why it was permitted to "disregard the otherwise-applicable limitations on the use of the Cohen's d test."[7]  And, as explained in Plaintiff's briefs, Commerce failed to provide that explanation in this case and, therefore, this determination should be remanded for Commerce to provide an explanation consistent with *Stupp*.[8]  However, Commerce may not be able to provide an adequate explanation[9] or may simply decide to modify its methodology on remand.[10]  As a result, it is possible that, amongst other things, Commerce may change its methodology on remand to use a different cutoff that accounts for the statistical characteristics of the underlying data.  Such a change

---

[6] *See e.g.*, Plaintiff's October 17, 2022, Rule 56.2 Brief at 6-10, ECF Nos. 43 and 44.

[7] *Stupp Corp. v. United States*, 5 F.4th 1341, 1360 (Fed. Cir. 2021).

[8] *See e.g.*, Plaintiff's Rule 56.2 Brief at 6-10, ECF Nos. 43 and 44.

[9] As Plaintiff has explained, Commerce's determinations in other cases that were remanded due to *Stupp* have still failed to address the CAFC's concern.  *See* Plaintiff's January 18, 2023, Reply Brief at 7-9, ECF Nos. 51 and 52.

[10] *See e.g.*, *Clearon Corp. v. United States*, 37 ITRD 1951 (Ct. Int'l Trade 2015) ("Commerce also has the discretion in antidumping and countervailing duty proceedings to modify a given methodology in order to calculate a more accurate dumping margin or for ease of use… Commerce must also provide a reasoned explanation for the change, and it must demonstrate that its explanation is in accordance with law and supported by substantial evidence. In changing methodology, Commerce must also provide parties with timely notice and sufficient opportunity to provide the information required by the revised methodology.") (internal citations omitted); *see also JTEKT Corp. v. United States*, 37 F. Supp. 3d 1326, 1329 (Ct. Int'l Trade 2014) ("Commerce filed the results of this remand order... in which it changed its methodology for determining CEP and revised Aisin's margin from 6.15% to 1.13%.").

will necessarily change the margin calculation, and the effect of reversing the adjustments to HiSteel's costs and scrap offset on that revised margin may very well move the needle.[11]

While the final effect on the margin by correcting each of the errors Plaintiff has identified in Commerce's Final Determination is unknown, it is undisputed that each of the errors affect the margin.[12] As a result, the adjustment to HiSteel's costs and scrap offset made under the transactions disregarded rule is a real and concrete error in Commerce's final determination — not a hypothetical scenario —that is redressable by this Court through remand.[13] In these circumstances, Plaintiff has established all the necessary elements to confer subject matter jurisdiction over these claims.[14]

---

[11] Under Commerce's current practice, the 0.8 cutoff for the Cohen's *d* test is used to determine which sales "pass" and constitute a "large" effect. Commerce then selects its comparison methodology based on the percentage of sales that "pass" — using the average-to-average methodology for all sales if 33 percent or less of sales "pass," the mixed methodology if 33 to 66 percent of sales "pass," and the average-to-transaction methodology for all sales if 66 percent or more of sales "pass." If Commerce were to change the cutoff used for the Cohen's *d* test, then the percentage of sales that "pass" will necessarily change, which may then change the selected methodology and the resulting margin. For example, under a new cutoff, it may be that 50 percent of HiSteel's sales "pass" the test and the mixed methodology may be applied. Because the mixed methodology applies an average-to-transactions methodology to the transactions that "pass" the cutoff and an average-to-average methodology to the transactions that did not "pass" the cutoff, we cannot calculate the margin without knowing the cutoff that may be used by Commerce. Nevertheless, it is possible that without correcting the other adjustments made by Commerce due to the transactions disregarded rule, the revised margin may be rounded up.

[12] *See* Defendant-Intervenor's Motion to Dismiss at 3 and Exhibit 1.

[13] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1543, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016) ("the injury-in-fact requirement requires a plaintiff to show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical.") (internal citations omitted).

[14] *See e.g.*, *PAO Severstal v. United States*, 219 F. Supp. 3d 1411, 1414 (Ct. Int'l Trade 2017) ("In deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court accepts as true all uncontroverted factual allegations in the complaint, and draws all reasonable inferences in the plaintiff's favor.") (internal citations omitted).

In addition, it should be noted that a party does not need to demonstrate a present injury that is redressable by the Court if the action being challenged is capable of repetition yet evading review.[15] Under the transactions disregarded rule, if Commerce determines that transactions with an affiliated party were not at arm's length it may make an adjustment to ensure that those transactions reflect market price.[16] Because the adjustment is only applied to the specific transactions with the affiliated party, the effect on the overall margin will necessarily be small. As a result, if the Court were to require that the individual transactions-disregarded adjustment must affect the margin by at least a hundredth of a percentage, as Defendant-Intervenor suggests, then Commerce may continue to improperly apply its transactions disregarded rule and make related adjustments to a company's costs without ever being subject to judicial review. Such a result would undermine this Court's statutorily conferred jurisdiction over antidumping cases and mandate to evaluate whether such determinations are unreasonable, arbitrary and capricious, unsupported by substantial evidence on the record, or otherwise not in accordance with law.[17]

Furthermore, Defendant-Intervenor's decision to file a motion to dismiss for a lack of subject matter jurisdiction at this late stage of the proceeding is not only in bad form, but untimely under the Court's rules. Plaintiff filed its complaint detailing the various issues

---

[15] *See e.g.*, *Wilsey Foods, Inc. v. United States*, 18 C.I.T. 85, 86–87 (1994) ("Relief may, be granted however, for controversies that appear moot, but are capable of repetition, yet evade review.") (internal citations omitted).

[16] *See e.g.*, Plaintiff's Rule 56.2 Brief at 15.

[17] It should be noted that the CAFC has also recognized that a court may address the "legality of administrative procedures, {where there is} a strong public interest in early resolution of these questions and an impossibility of administrative solution." *See Wilsey Foods*, 18 C.I.T. at 87.

with Commerce's final determination on June 8, 2022.[18] Defendant-Intervenor did not file a response to Plaintiff's complaint nor did Defendant-Intervenor make any argument in its brief to the Court on either of Plaintiff's claims for which it seeks dismissal.[19] And, as the Court is aware, during oral argument on March 29, 2023, counsel for Defendant-Intervenor declined to comment on either of the issues. Defendant-Intervenor had nearly 10 months before oral argument to file its motion, well before Plaintiff, Defendant, and the Court expended time and resources briefing, arguing, and analyzing these issues. Defendant-Intervenor's disregard for the time and resources of the parties and this Court must not be excused.[20]

Finally, Rule 6(b) of this Court states that a motion asserting a lack of subject matter jurisdiction "must be made before pleading if a responsive pleading is allowed…"[21] Defendant-Intervenor has plainly missed that deadline seeing that all pleadings in this case have been filed, oral argument has been completed, and the judgment by the Court is the only item left pending. In these circumstances, the Court should reject Defendant-Intervenor's motion and issue a judgment that addresses all claims raised by Plaintiff in its complaint.

---

[18] *See* Plaintiff's Complaint, ECF No. 18.

[19] *See* Defendant-Intervenor's December 21, 2022, Response Brief, ECF No. 48.

[20] *See* note 14 above.

[21] Neither the Court's rules nor orders by this Court prevented the filing of responsive pleadings in this case. *See e.g.*, Rules of the U.S. Court of International Trade at Rule 12(a)(1)(A)(i) (explaining that an answer to a complaint is not required for actions described in 28 U.S.C. § 1581(c) but leaves the option available).

<u>Conclusion</u>

In light of the foregoing, the Court should not dismiss claims two and three of Plaintiff's complaint and should deny Defendant-Intervenor's Motion.

        Respectfully submitted,

        <u>/s/ Jeffrey M. Winton</u>

        Jeffrey M. Winton
        Amrietha Nellan

        WINTON & CHAPMAN PLLC
        1900 L Street, N.W., Suite 611
        Washington, D.C.  20036
        (202) 774-5500

        Attorneys for HiSteel Co., Ltd.

May 30, 2023