IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| HISTEEL CO., LTD,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| and  ) | |
| ) | |
| DONG-A-STEEL CO., LTD,  ) | |
| ) | |
| Plaintiff-Intervenor,  ) | |
| ) | |
| v.  ) | Court No. 22-00142 |
| ) | |
| UNITED STATES,  ) | |
| ) | |
| Defendant,  ) | |
| ) | |
| and  ) | |
| ) | |
| NUCOR TUBULAR PRODUCTS INC.,  ) | |
| ) | |
| Defendant-Intervenor.  ) | |
| ) | |

**JOINT STATUS REPORT**

The parties respectfully submit this joint status report on further proceedings after the Federal Circuit's decision in *Stupp Corporation v. United States*, Fed. Cir. No. 23-1663.  On September 23, 2023, the Court stayed this case until final resolution of *Stupp* and directed the parties to file a joint status report within 30 days of final resolution.  ECF 74.[1]  The Federal Circuit issued its decision on April 23, 2025, and the judgment became final on July 22, 2025. The Court then directed the parties to file this joint status report by August 18.  ECF 87.

---

[1]  The parties calculated 30 days from final resolution as August 21, 2025.

In *Stupp* and *Marmen Incorporated v. United States*, 134 F.4th 1334 (Fed. Cir. 2025), the Federal Circuit held that a component of Commerce's differential pricing methodology was unreasonable. It vacated and remanded the matter to Commerce to either redo the differential pricing analysis without the unreasonable component, or to fashion a new methodology. The parties agree that the Court should remand the matter to the Department of Commerce to issue a new determination that complies with the Federal Circuit's decision. But the parties disagree on the remand schedule. Below are the parties' respective positions.

A. *Defendants Position*

Because the differential pricing methodology is used in a huge number of Commerce proceedings, and many cases at this Court have been stayed pending the Federal Circuit's decision, Commerce has requested the Court allow it to issue its remand determinations in staggered fashion, approximately one month apart. Commerce did this in part to ensure that it would have sufficient staffing to complete the remands in light of current staffing levels. The Court has already entered scheduling orders allowing Commerce in many instances to use this staggered schedule. For example, the Court has entered orders allowing Commerce to issue the *Marmen/Stupp* remands on:

August 29, 2025 (*Matra Americas v. United States*, 21-00632)[2];

December 19, 2025 (*Marmen*, 20-169);

January 9, 2026 (*Universal Tube v. United States*, 23-00113);

January 30, 2026 (*Stupp* 15-00334, and *Maquilacero v. United States*, 23-00091); and

February 20, 2026 (*Government of Canada v. United States* No. 23-187).

---

[2] The plaintiff, which had originally challenged differential pricing, had no substantive comments challenging differential pricing in the draft remand, though other issues in the draft remand did receive comments.

We propose the same approach here, which will allow Commerce to devote the necessary time and resources to the remand determination.  This is especially critical given current low staffing levels at Commerce and the Department of Justice.  The following schedule mirrors the time frames in the cases listed above, but pushes them out by approximately one month, consistent with the approach above.

Defendant-Intervenor consents to this proposal.

- Commerce's remand determination – March 31, 2026

- Commerce to file administrative record – April 30, 2026

- Comments in opposition to the remand determination – May 29, 2026

- Responsive comments in support of remand determination – June 30, 2026

- Joint Appendix – July 8, 2026

*B.  Plaintiff's Position*

Plaintiffs believe that the Court should be aware of the following facts:

1. The Court of Appeals for the Federal Circuit issued its decision in *Marmen* on April 22, 2025, and its decision in *Stupp* on April 23, 2025.

2. On May 19, 2025, Commerce published a notice in the *Federal Register* soliciting comments on how it should modify its calculations in light of the *Marmen* and *Stupp* decisions.[3]  Comments in response to that notice were due 11 days later, on May 30, 2025.

3. On July 1, 2025, Commerce made its final determination in the seventh review of *Heavy-Walled Rectangular Pipe from Korea.*[4]  In that determination, Commerce adopted a revised "Differential Pricing Analysis" that replaced the Cohen's *d* test with a simple analysis whether average prices for each test group differed from the average

---

[3] *See Alternatives to the Use of Cohen's d; Request for Comment,* 90 Fed. Reg. 21277 (May 19, 2025).

[4] *See Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes From the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2022–2023,* 90 Fed. Reg. 30050, 30051 (July 9, 2025).

prices for the corresponding "base group" by more than 2 percent.  The revised "Differential Pricing Analysis" also eliminated the "mixed methodology" that had been used under the previous analysis.[5]

4.   To the best of our knowledge, Commerce has continued to apply the revised analysis adopted in the seventh review of *Heavy-Walled Rectangular Pipe from Korea* in its subsequent determinations.

5.   On June 30, 2025, the Court of International Trade remanded the *Stupp* case to Commerce for reconsideration in light of the decision by the Court of Appeals for the Federal Circuit.[6]  Over the objection of the plaintiff in that case,[7] the Court permitted Commerce a period of seven months to file a redetermination on remand.  In the month and a half since the Court issued that remand order, Commerce has not solicited comments or communicated in any way with plaintiff's counsel about the conduct of the remand in that case.

In these circumstances, Plaintiffs believe that it is clear (1) that Commerce has already adopted a new methodology to address the issues raised by the Federal Circuit in *Marmen* and *Stupp,* and (2) that Commerce is not likely to use the extended remand periods it has requested in this and

---

[5] *See Issues and Decision Memorandum for the Final Results of the Administrative Review of the Antidumping Duty Order on Heavy Walled Rectangular Welded Carbon Steel Pipes and Tubes from the Republic of Korea; 2022-2023,* July 1, 2025, at 3-4.

[6] *See* Scheduling Order in *Stupp Corporation et al v. United States,* Court No. 15-cv-00334, June 30, 2025 (ECF No. 273).

[7] Counsel for SeAH Steel had noted in the joint status report in that case that:

> Counsel for SeAH ... cannot consent to the proposed date for Commerce's remand determination in the absence of some description from Commerce as to how it intends to conduct the remand and why it requires another seven months to reach a determination in the remand.  We have asked the Government to describe the process Commerce intends to follow in the remand (such as whether Commerce will request factual information before it adopts a new methodology, whether it will allow parties to submit additional factual information after Commerce describes its proposed new methodology to rebut incorrect assumptions or use of statistical tools in that methodology, and whether Commerce will allow sufficient time for comments on its draft redetermination).  The Government has refused to provide any description, other than to say that "As is normal for its proceedings, Commerce will afford the parties an opportunity to respond to the draft remand results in this case."  In these circumstances , we are not in a position to assess whether the proposed deadline of January 30, 2026, for Commerce to issue its redetermination is reasonable, and we cannot agree to the Government's proposed schedule.

other appeals productively to solicit information or argument on how it should modify its previous "Differential Pricing Analysis."  In these circumstances, we see no reason why the normal 90-day period for a remand determination is inadequate.


Respectfully submitted,

/s/ Jeffrey M. Winton

Jeffrey M. Winton
Michael J. Chapman
Amrietha Nellan
Vi N. Mai
WINTON & CHAPMAN PLLC
1100 13th St. NW, Suite 825
Washington, DC 20005
(202) 774-5500

*Counsel to Plaintiffs HiSteel Co., Ltd.*

August 18, 2025

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

s/Claudia Burke
CLAUDIA BURKE
Deputy Director
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Tel: (202) 353-9063


OF COUNSEL:

VANIA WANG
Department of Commerce
Office of the Chief Counsel
    for Trade Enforcement & Compliance

*Attorneys for Defendant*

/s/ *Robert E. DeFrancesco, III*
Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Jake R. Frischknecht, Esq.

WILEY REIN LLP
2050 M Street, NW
Washington, DC 20006
(202) 719-7000

*Counsel to Nucor Tubular Products Inc.*

5